**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Robert C. OPPEL, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 12, 1999.

Filed June 13, 2000.

Robert C. Oppel, appellant, pro se.

Vincent R. Baginski, Asst. Dist. Atty., Pittsburgh, for the Com., appellee.

Before DEL SOLE, EAKIN and MONTEMURO *, JJ.

DEL SOLE, J.

¶ 1 Appellant Robert C. Oppel was convicted of criminal mischief as a result of an incident in which mailboxes were damaged and stop signs were spray painted. Appellant was sentenced to pay a fine of $100 plus costs and restitution in the amount of $492.50. This direct appeal followed. We vacate the judgment of sentence, reverse the order denying suppression, and remand for a new trial.

¶ 2 On appeal, Appellant challenges the trial court's denial of his motion to suppress on three grounds: (1) there was insufficient cause for the police to stop his vehicle; (2) the police never advised him of his *Miranda* rights; and (3) the police recorded his statements in violation of the Wiretap Act.

¶ 3 On the evening in question, Officer Sambolt responded to the scene of an alleged incident of criminal mischief. He obtained a description of the persons involved and the vehicle in which they were riding. He broadcast the description: a white older model Jeep Cherokee with wood grain paneling and two young white males in their teens or early twenties, with

* Retired Justice assigned to the Superior Court.

the passenger possibly wearing a white tee shirt. A short time later, Officer Klein observed a vehicle fitting the description approximately one to one and one-half miles from the scene. After stopping the vehicle, Officer Klein asked the occupants for identification and the vehicle registration. Neither Appellant, the driver, nor his passenger, Drew Monic, had identification nor did they have the vehicle registration. Officer Klein returned to his vehicle in an effort to run Appellant's driver's license. At this time, Officer Sambolt asked Officer Klein if he could get the two men back to the scene. Officer Klein then told Appellant and Monic that he believed the vehicle had been used in the commission of a crime, that the car did not belong to them, and that he intended to tow the car. He then directed them to drive the vehicle to the scene where Officer Sambolt was waiting. At the scene, Monic produced a bat from under the passenger seat and Appellant admitted that he had damaged three of the mailboxes on the street. Both the initial stop and the subsequent proceedings at the scene were audio and videotaped by the police. Both officers conceded that they did not advise Appellant of his *Miranda* rights.

¶ 4 Appellant first contends that the police did not have probable cause to stop his vehicle. Probable cause exists if the facts and circumstances within the knowledge of the police at the time of the stop are sufficient to justify a person of reasonable caution in the belief that the suspect has committed a crime. *Commonwealth v. Clark*, 558 Pa. 157, 735 A.2d 1248 (1999). Officer Klein received a radio broadcast describing the vehicle and people involved in the incident, *i.e.*, a white older model Jeep Cherokee with wood grain paneling and two young white males with the passenger possibly wearing a white tee shirt. Appellant's vehicle matched the description and there were

two young white male occupants, Appellant and his passenger. Although the passenger was not wearing a white tee shirt, this minor discrepancy is insufficient to invalidate a finding of probable cause. *See Commonwealth v. Vinson*, 361 Pa.Super. 526, 522 A.2d 1155 (1987). (sufficient probable cause where auto matched description of dark blue Grand Prix with white pinstripes notwithstanding that neither appellant nor companion were wearing the outer coats also described in broadcast).

¶ 5 Appellant next contends that his statements made at the scene should be suppressed because he was not advised of his *Miranda* rights.[1] A police officer must administer *Miranda* warnings prior to any custodial interrogation of a suspect. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Commonwealth v. Medley*, 531 Pa. 279, 612 A.2d 430 (1992). A suspect is considered "in custody" whenever he or she is physically deprived of freedom or placed in a situation where he or she reasonably believes movement or freedom of action is restricted. *Commonwealth v. Nester*, 551 Pa. 157, 709 A.2d 879 (1998); *Commonwealth v. Johnson*, 373 Pa.Super. 312, 541 A.2d 332 (1988), *appeal denied*, 520 Pa. 596, 552 A.2d 250 (1988). The standard is objective but with due consideration given to the reasonable impression conveyed to the person being interrogated. *Commonwealth v. Edmiston*, 535 Pa. 210, 634 A.2d 1078 (1993). The crucial test is whether the police conduct would communicate to a reasonable person that he or she was not at liberty to ignore the police presence and go about his or her business. *Commonwealth v. Prosek*, 700 A.2d 1305 (Pa.Super.1997).

¶ 6 Clearly, Appellant was not at liberty to ignore the police and go about his business. Officer Klein told Appellant

---

1. Because the Commonwealth only introduced statements made when Appellant was taken back to the scene, and not any statements made either at the initial stop or later at Appellant's home, the issue on appeal is restricted to whether the statements made at the scene should have been suppressed. Appellant's Brief at 11.

that he believed the car was either stolen or involved in a crime and that he was going to have the car towed or impounded. After Officer Klein talked to Officer Sambolt, however, he directed Appellant to drive to the scene. Officer Klein drove directly behind Appellant. Officer Klein testified that if Appellant had not agreed to drive to the scene, he would probably have towed the car. He further testified that "They were not free to go, definitely." N.T., 8/17/98, at 33. Officer Klein's own testimony establishes that Appellant was not free to leave. *See, Commonwealth v. McClease*, 2000 PA Super 91, 750 A.2d 320 (where police officer approaches parked vehicle and says "Police Officer. Stay in your vehicle," driver is in custody even if there is no evidence driver intended to leave); *Commonwealth v. Fox*, 697 A.2d 995 (Pa.Super.1997) (clear from state trooper's testimony that defendant was not free to leave). As Appellant was in custody, *Miranda* warnings were required. Since no *Miranda* warnings were given, Appellant's statements made at the scene should have been suppressed. We therefore reverse the order denying suppression of those statements.

¶ 7 Appellant's final claim is that his statements should have been suppressed because they were obtained in violation of the Wiretap Act. Because we find the statements must be suppressed because of the lack of *Miranda* warnings, we need not discuss this claim. We note, however, that the Commonwealth concedes that these statements should have been suppressed. Appellee's Brief at 5.

¶ 8 Judgment of sentence vacated. Order denying suppression reversed as to the statements made at the scene. Case remanded for new trial. Jurisdiction relinquished.