J-S02037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KHALIL EVANS | |
| Appellant | No. 401 EDA 2017 |

Appeal from the PCRA Order December 19, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004836-2009

BEFORE:  BOWES, J., NICHOLS, J., and RANSOM, J.*

MEMORANDUM BY RANSOM, J.:               **FILED FEBRUARY 27, 2018**

Appellant, Khalil Evans, appeals from the order entered denying his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court discussed the facts and procedural history of this case as follows:

> On March 10, 2008, Ramar Cross was approached by Appellant, who asked to purchase marijuana.  Cross replied he did not have any marijuana.  Appellant pulled out a black nine millimeter handgun and shot Cross in the back as he was trying to run away.  Cross was treated at a nearby hospital.
>
> On November 19, 2009, following a jury trial, Appellant was convicted of attempted murder, aggravated assault, conspiracy, disorderly conduct, possessing an instrument of crime, carrying a firearm without a license, and possession of a firearm by a prohibited person.  On April 1, 2010, Appellant was sentenced to fifteen to thirty years' imprisonment. A post-sentence motion was denied on July 2, 2010.

* Retired Senior Judge Assigned to the Superior Court.

*See Commonwealth v. Evans*, 32 A.3d 268, *1-2 (Pa. Super. 2011) (unpublished memorandum). On appeal, we affirmed Appellant's judgment of sentence. *Id.* The Pennsylvania Supreme Court denied allocatur. *See Commonwealth v. Evans*, 64 A.3d 630 (Pa. 2013) (unpublished memorandum).

On February 19, 2014, Appellant *pro se* timely filed a PCRA petition. Counsel was appointed and filed an amended petition on his behalf, raising claims of ineffective assistance of counsel and prosecutorial misconduct. The PCRA court sent Appellant notice his petition would be dismissed without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court then dismissed Appellant's petition.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court issued a responsive opinion.

On appeal, Appellant raises the following issues for our review:

1. Whether the trial court erred by failing to prevent the prosecutor from making inappropriate, damaging, and prejudicial statements referencing the term "snitch" during her opening and closing statements, and whether trial counsel was ineffective for failing to object to the prosecutor's use of the term "snitch"?

2. Whether the PCRA court erred in failing to conduct an evidentiary hearing on trial counsel's ineffective assistance of counsel, or for failing to find that trial counsel provided ineffective assistance of counsel specifically by failing to request a crimen falsi instruction, a "false in one, false in all" charge, and for failing to object to the Commonwealth's use of the term "snitch"?

Appellant's Brief at 4.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

In this case, the PCRA court dismissed Appellant's petition without a hearing. *See* PCRA Court Order, 11/10/16 (citing in support Pa.R.Crim.P. 907). There is no absolute right to an evidentiary hearing. *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." *Springer*, 961 A.2d at 1264.

Essentially, Appellant's claims constitute ineffective assistance of counsel. We presume counsel is effective. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations

omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A claim will be denied if the petitioner fails to meet any one of these requirements. *Springer*, 961 A.2d at 1267; *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Appellant first claims that counsel provided ineffective assistance in failing to request a *crimen falsi* instruction and a "false in one, false in all" charge regarding Mr. Cross' testimony where he had three *crimen falsi* convictions.[1] *See* Appellant's Brief at 9. Appellant also claims the court erred in failing to grant such instructions. *Id.* Mr. Cross was convicted in November 1998 of receiving stolen property, in August 2003 of false identification to law enforcement officers, and in July 2005 of forgery.[2] *Id.* at 20.

At trial, Mr. Cross testified that he had previous convictions for drug trafficking and forgery charges, and was under the supervision of the Adult Probation and Parole Department. *See* Notes of Testimony (N.T.), 11/18/09, at 50. Although he was asked whether forgery was a crime of dishonesty, an

---

[1] Initially, we note with disapproval the disorganization of Appellant's brief. Appellant lumps several sub-issues, many of them not actually related, into his two issues. For ease of analysis, we will address his ineffectiveness claims in the order they are presented, prior to addressing his claim of prosecutorial misconduct. *See* Appellant's Brief at 15.

[2] 18 Pa.C.S. §§ 3925, 4914, and 4101, respectively.

objection to that question was sustained. *Id.* at 111-12. During the charging conference, counsel did not request either a *crimen falsi* or a "false in one, false in all" charge. *Id.* at 181-91. At the jury charge, the court read the "false in one, false in all" charge, a *Kloiber*[3] charge, and general instructions on witness credibility, but did not instruct the jury as to *crimen falsi*. *See* N.T., 11/19/09, at 50.

Appellant's claim regarding the "false in one, false in all" charge is not of arguable merit, as the court did give that charge. *See* N.T., 11/19/09 at 50. Accordingly, he is not entitled to relief. *See Springer*, 961 A.2d at 1267. Further, as the record enables us to establish that the PCRA court did not err, an evidentiary hearing is not necessary on these claims. *Id.* at 1264.

The decision to request additional points for charge is a tactical decision within the exclusive province of counsel. *See Commonwealth v. Sullivan*, 299 A.2d 608, 610 (Pa. 1973). In Pennsylvania, "evidence of prior convictions can be introduced for the purpose of impeaching the credibility of a witness if the conviction was for an offense involving dishonesty or false statement, and the date of conviction or the last day of confinement is within ten years of the trial date." *Commonwealth v. Coleman*, 664 A.2d 1381, 1383 (Pa. Super. 1995); *see also* Pa.R.E. 609. Thus, the conviction for receiving stolen property, more than ten years from the date of trial, would not be admissible and solely the false identification and forgery convictions remained. *Id.*

_____

[3] *Commonwealth v. Kloiber*, 106 A.2d 820 (Pa. 1954).

The standard jury instructions, Section 4.08D, instruct the jury that the only purpose for which they may consider the evidence of a prior conviction is whether or not to believe all or part of the witness' testimony. **See** Pa. SSJI (Crim), § 4.08D (2016). The jury may consider the type of crime committed, how long ago it was committed, and how it may affect the likelihood that the witness has testified truthfully in this case. **Id.**

However, where the Commonwealth preemptively raises the issue of a witness' *crimen falsi*, there is no obvious benefit to counsel raising it again. **See Commonwealth v. Treadwell**, 911 A.2d 987, 992 (Pa. Super. 2006) (noting that the Commonwealth also raised the fact that the witness was on probation for a non *crimen falsi* conviction and faced pending drug related charges at trial, and counsel was not ineffective for failing to raise the point again). Similarly, in the instant case, the jury was aware that at the time of trial, the victim had a forgery conviction. **See** N.T., 11/18/09, 49-50, 111. Further, the trial court extensively instructed the jury on assessing witness credibility, offered a **Kloiber** charge, and counsel argued that Mr. Cross had a motive to lie. Accordingly, Appellant cannot show that the outcome of the trial would have been different if the charge had been requested and given. **See Johnson**, 966 A.2d at 533.

Appellant's next claim involves the ineffective assistance of counsel for failing to object to the Commonwealth's use of the term "snitch." **See** Appellant's Brief at 19. It is difficult to discern the exact argument Appellant is attempting to make in this instance. Counsel spends extensive time

discussing the Commonwealth's use of the term "snitch" to explain Mr. Cross' fear of testimony, before concluding that this use does not rise to the level of prosecutorial misconduct. *See* Appellant's Brief at 16-19. In the next page, counsel notes that trial counsel was ineffective for failing to prevent the prosecutor from making inappropriate, damaging, and prejudicial statements referencing the term "snitch" in her opening and closing, but does not identify such statements. *Id.* at 20. Nor does counsel seem to realize that on the previous page, she had concluded that the prosecutor's statements did not constitute misconduct. *Id.* The sole reference, unsupported by any authority, to *trial counsel's actions* is that his reference to the term "was unreasonable where the evidence strongly suggested the witness could be lying, or that he has lied at some point in the prosecution." *Id.* at 20.

This Court will not act as counsel to develop arguments on behalf of an appellant, and where defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find issues within to be waived. *See Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010). Thus, due to Appellant's failure to properly develop and present this argument, we find it waived. *Id.*; *see also* Pa.R.A.P. 2101.

Appellant next claims that the Commonwealth committed a *Brady*[4] violation by concealing the identity of a confidential informant during trial. *See* Appellant's Brief at 11. Appellant argues that because the

---

[4] *Brady v. Maryland*, 83 S. Ct. 1194 (1963).

Commonwealth did not present the CI at trial but was able to admit the CI's identifying testimony through a detective, this was 1) a **_Brady_** violation, and 2) a denial of Appellant's right to confront a witness. **_See_** Appellant's Brief at 11. Had trial counsel possessed details regarding this informant, Appellant argues that he could have sought to suppress this identification. **_Id._** at 14-15. Appellant also argues that counsel was ineffective for failing to object to the admission of this testimony.

Under **_Brady_**, a prosecutor must disclose all exculpatory evidence material to the guilt or punishment of an accused, including evidence of an impeachment nature. **_Commonwealth v. Roney_**, 79 A.3d 595, 607–08 (Pa. 2013). To prove a **_Brady_** violation, the defendant has the burden of demonstrating that:

> (1) the prosecutor has suppressed evidence; (2) the evidence, whether exculpatory or impeaching, is helpful to the defendant, and (3) the suppression prejudiced the defendant. Prejudice is demonstrated where the evidence suppressed is material to guilt or innocence. Further, favorable evidence is material, and constitutional error results from its suppression by the government, if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

**_Commonwealth v. Koehler_**, 36 A.3d 121, 133 (Pa. 2012) (internal citations and quotations omitted).

Initially, we note that this issue could have been raised at trial and/or on direct appeal, and Appellant makes no attempt to argue to the contrary, or explain why prior counsel could not have uncovered the alleged violations with

reasonable diligence, and provides no indication as to when or how he first became aware of said violations. *See Roney*, 79 A.3d at 609. Thus, we find Appellant's prosecutorial misconduct claim waived. *Id.*

Regardless, Appellant's ineffectiveness claim in connection with the issue of the CI's identity is meritless. First, *Brady* applies only to exculpatory evidence, which this identification evidence was not. *See Koehler*, 36 A.3d at 133. Further, the identity of a CI is not something which the Commonwealth is obligated to expose. Indeed, a request for disclosure is subject to qualified privilege. *See Commonwealth v. Bing*, 713 A.2d 56, 58 (Pa. 1998). The defendant must establish that the information sought is material to the preparation of the defense and that the request is reasonable. *See Commonwealth v. Jordan*, 125 A.3d 55, 63 (Pa. 2015); *see also* Pa.R.Crim.P. 573(B)(2)(a)(i). The court must then balance the public interest in the police's ability to obtain information against the defendant's right to prepare his defense. *Id.* Appellant does not make any argument regarding these requirements and, accordingly, has not developed his argument such that we may conclude it has arguable merit. *Springer*, 961 A.2d at 1267.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/27/18</u>