664 A.2d 1381

COMMONWEALTH of Pennsylvania

v.

Alfonzo COLEMAN, Appellant.

Superior Court of Pennsylvania.

Submitted July 17, 1995.

Filed Sept. 18, 1995.

202

David N. Wecht, Pittsburgh, for appellant.

Scott A. Bradley, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before KELLY, JOHNSON and CERCONE, JJ.

CERCONE, Judge:

This is a direct appeal from the judgment of sentence entered following a jury trial. We affirm.

The Honorable Jeffrey A. Manning has explained the events underlying this appeal in the following manner:

During the early morning hours of December 2, 1992, the victim, Marvin Barksdale, was on his way home when the defendant approached and asked him whether he had the defendant's money. The victim replied that he did not have

the money, whereupon the defendant reached into his coat, pulled out a sawed-off shotgun, shot the victim in his left thigh and took money from him. (N.T. 3/23–24/94 at 18–20; 44–46.)

Trial Court Opinion dated December 12, 1994, filed April 27, 1995, at 1. In March of 1994, a jury found appellant guilty of one count each of robbery [1] and aggravated assault.[2] The trial court imposed an aggregate sentence of fifteen (15) to thirty (30) years imprisonment. Court appointed counsel was permitted to withdraw from the case and appellant filed a *pro se* notice of appeal. The trial judge subsequently appointed new counsel to represent appellant.

The instant timely appeal presents the following issues for our consideration:

A. THE TRIAL COURT ERRED IN BARRING THE DEFENDANT FROM IMPEACHING BARKSDALE ON THE BASIS OF BARKSDALE'S CRIMINAL RECORD.

 1. The Trial Court should have balanced the probative value of the impeachment against the danger of prejudice rather than barring the questions on the assumption that the conviction was not a *crimen falsi.*

 2. The *crimen falsi* requirement should apply only to defendant witnesses.

 3. Possession of drugs with intent to deliver should be considered a crime of dishonesty or false statement.

B. COLEMAN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AND SUFFERED DEPRIVATION OF CONSTITUTIONAL RIGHTS WHEN HIS TRIAL ATTORNEY FAILED TO OBJECT TO THE SHOWING OF THE PLAINTIFF'S [sic] SCAR TO THE JURY, PRESENTED NO OPENING STATE-

**1.** 18 Pa.C.S.A. § 3701.

**2.** *Id.* § 2702.

MENT, AND INTRODUCED NO EVIDENCE OR WITNESS TESTIMONY.

We shall consider these claims in order.

 Appellant first contends that the trial court erred in barring him from impeaching the complaining witness on the basis of the witness' criminal record. In Pennsylvania, "evidence of prior convictions can be introduced for the purpose of impeaching the credibility of a witness if the conviction was for an offense involving dishonesty or false statement, and the date of conviction or the last day of confinement is within ten years of the trial date." *Commonwealth v. Randall*, 515 Pa. 410, 415, 528 A.2d 1326, 1329 (1987). However, our law prohibits impeaching a witness with prior arrests and prior convictions for crimes *not* involving *crimen falsi*. *Commonwealth v. Stokes*, 532 Pa. 242, 256, 615 A.2d 704, 711 (1992) (citing *Commonwealth v. Penn*, 497 Pa. 232, 439 A.2d 1154 (1982), *cert. denied*, 456 U.S. 980, 102 S.Ct. 2251, 72 L.Ed.2d 857 (1982) and *Commonwealth v. Randall, supra* ).[3] Unfortunately, "it is not always apparent which crimes fall within the ambit of *crimen falsi*." *Commonwealth v. Harris*, 442 Pa.Super. 116, 119, 658 A.2d 811, 812 (1995).

As Justice Zappala explained in a concurring opinion in *Commonwealth v. Williams*, 524 Pa. 404, 411–12, 573 A.2d 536, 540 (1990), there is an inherent ambiguity involved when working with the concept of *crimen falsi* in the absence of a meaningful guideline clarifying the crimes which fall within this category. In calling for the creation of a bright line definition for *crimen falsi*, Justice Zappala stated the following:

> [D]etermining what crimes involve *crimen falsi* based solely upon the statutory title of the offense or the Clerk of Courts' verification that a defendant was convicted of a crime does not place that event in proper perspective in terms of meaningfulness and as an aid to the trier of fact.

---

**3.** *Stokes* was decided by a six member Court. Two Justices concurred with the author, while the Chief Justice and two Justices concurred in the result.

*Id.* Mindful of Justice Zappala's caveat, this court has held that when deciding whether a particular offense is *crimen falsi*, one must address both the elemental aspects of that offense *and* the conduct of the defendant which forms the basis of the anticipated impeachment. *Commonwealth v. Harris*, 442 Pa.Super. at ——, 658 A.2d at 813.

In this case, the complaining witness was convicted of possession with intent to deliver. Our research has failed to uncover Pennsylvania precedent which addresses whether this offense is *crimen falsi*. However, in *Commonwealth v. Correa*, 423 Pa.Super. 57, 620 A.2d 497, *appeal denied*, 536 Pa. 638, 639 A.2d 24 (1993), this court agreed with the defense contention that simple possession of a controlled substance was not evidence of *crimen falsi* which could be employed for impeachment purposes.[4] *See also Commonwealth v. Candia*, 286 Pa.Super. 282, 428 A.2d 993 (1981) (possession of marijuana is not *crimen falsi* (per Brosky, J. with one judge concurring and one judge dissenting)). Our Legislature has defined "possession of a controlled substance" in the following manner:

> Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

35 P.S. § 780–113(a)(16). By way of comparison, the crime of "possession with intent to deliver a controlled substance" comprises the following forbidden conduct:

> Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or pos-

**4.** Nevertheless, the *Correa* panel ruled that the challenged evidence was admissible under the particular circumstances of that case. Even though the evidence concerning the witness' prior conviction could not be used for impeachment, it was properly admitted to demonstrate the witness' bias against police officers and to establish that a bench warrant had been issued for the witness' arrest.

sessing with intent to deliver, a counterfeit controlled substance.

*Id.* at § 780–113(a)(30). We find no meaningful distinction between these two definitions which implicates dishonesty or false statement as an element for the crime of possession with intent to deliver. Thus, based solely on the statutory definitions, we cannot conclude that possession with intent to deliver is *crimen falsi.*

■ We do not say that this offense could *never* be *crimen falsi.* However, in the instant case, appellant has not provided any information concerning the conduct which led to the witness' conviction. This lack of factual detail prevents us from fully applying the *Harris* test. Both the elements of the crime *and* the accused's conduct must be scrutinized in concert to assess whether an offense should be deemed *crimen falsi. Commonwealth v. Harris,* 442 Pa.Super. at 118, 658 A.2d 811. There is simply no basis in the record before us for concluding that in this case, the complaining witness' prior criminal conviction was premised on conduct displaying dishonesty or false statement which would indicate the commission of *crimen falsi.*

■ We are cognizant of appellant's contention that the trial court should have balanced the probative value of the proposed impeachment evidence against the danger of prejudice to appellant's case through the exclusion of such evidence. However, we find this argument irrelevant to the instant case. Our law is settled that the discretionary-balancing test does not apply when the Commonwealth seeks to use a prior conviction to impeach the testimony of a defense witness other than the defendant himself. *Commonwealth v. Gordon,* 355 Pa.Super. 25, 27, 512 A.2d 1191, 1192 (1986). When the witness is not the defendant, the only relevant inquiry is whether the convictions were for crimes involving dishonesty or false statement. *Id.* We see no compelling reason to apply a different standard when it is the defense rather than the Commonwealth who seeks to impeach a witness with a prior conviction.

■ Appellant next contends that prior counsel was ineffective on the following bases: (1) failing to object when the Commonwealth caused the victim to display his scar to the jury; (2) failing to give an opening statement; and (3) failing to introduce evidence and/or present witnesses to testify on appellant's behalf. With respect to this type of claim, our Supreme Court has explained the following:

> There are three elements to a valid claim of ineffective assistance. We inquire first whether the underlying claim is of arguable merit; that is, whether the disputed action or omission by counsel was of questionable legal soundness. If so, we ask whether counsel had any reasonable basis for the questionable action or omission which was designed to effectuate his client's interest. If he did, our inquiry ends. If not, the appellant will be granted relief if he also demonstrates that counsel's improper course of conduct worked to his prejudice, i.e., had an adverse effect upon the outcome of the proceeding.

*Commonwealth v. Jermyn*, 533 Pa. 194, 198, 620 A.2d 1128, 1130 (1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 703, 126 L.Ed.2d 669 (1994) (quoting *Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988)). An allegation of ineffectiveness of counsel cannot be established without a finding of prejudice. *Commonwealth v. March*, 528 Pa. 412, 415, 598 A.2d 961, 963 (1991). Prejudice in this context is determined by an evaluation of whether "but for the arguably ineffective act or omission there is a reasonable probability that the result would have been different." *Commonwealth v. Petras*, 368 Pa.Super. 372, 376, 534 A.2d 483, 485 (1987).

■ Appellant was accused of committing aggravated assault. Under the relevant subsections of the aggravated assault statute, the Commonwealth was required to demonstrate either that: (1) appellant attempted to cause serious bodily injury to another, or caused such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (2) that he attempted to cause or intentionally or knowingly caused bodily injury to another with a deadly weapon. *See* 18 Pa.C.S.A.

§ 2702(a)(1) and (4). Evidence which is material and probative as to whether a particular assault caused "serious bodily injury" or "serious permanent disfigurement" is admissible to demonstrate the elements of aggravated assault. *See, e.g., Commonwealth v. Culmer*, 413 Pa.Super. 203, 216 n. 2, 604 A.2d 1090, 1096 n. 2 (1992). *See also Commonwealth v. Glover*, 265 Pa.Super. 19, 25–26, 401 A.2d 779, 782 (1979) (it is not error to permit an assault victim to display fully healed scars which are relevant to the criminal acts charged; such scars are not likely to provoke the passions or prejudices of a jury). In this case, Judge Manning found that the victim's display of his scar to the jury was an appropriate demonstration of the character and extent of the injuries suffered by the victim. Trial court opinion at 4. Judge Manning explicitly held that the scar was not displayed for the purpose of arousing the sympathy of the jury. *Id.*

■ Counsel will not be deemed ineffective for failing to assert a baseless claim. *Commonwealth v. Silo*, 509 Pa. 406, 410, 502 A.2d 173, 175 (1985). Because the evidence in question was admissible, prior counsel cannot be faulted for failing to object when the Commonwealth introduced it. Thus, we conclude that this issue has no arguable basis.

■ Appellant also contends that prior counsel was ineffective for failing to give an opening statement. This argument is couched in the form of a bald and conclusory statement which does not even suggest what trial counsel could or should have said during opening which would have furthered his client's interests. The burden of establishing ineffective assistance of counsel rests upon the appellant because counsel's stewardship is presumed to be effective. *Commonwealth v. McNeil*, 506 Pa. 607, 487 A.2d 802 (1985); *Commonwealth v. Smith*, 380 Pa.Super. 619, 552 A.2d 1053 (1988). Appellant's obligation is to demonstrate both that "the omission or commission by counsel was arguably ineffective *and* the likelihood that he was prejudiced as a result." *Commonwealth v. Pierce*, 515 Pa. 153, 161, 527 A.2d 973, 976 (1987) (emphasis in original). In making assertions of ineffective-

ness, an appellant must allege sufficient facts upon which a reviewing court can conclude that trial counsel may have been ineffective because the appellate courts will not consider such claims in a vacuum. *Commonwealth v. Durst*, 522 Pa. 2, 4, 559 A.2d 504, 505 (1989); *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981).

Next, appellant argues that trial counsel was ineffective for failing to "introduce any evidence or present any witness [sic] testimony on his client's behalf." Appellant's brief at 12. However, appellant's brief does not disclose the identities of the witnesses trial counsel should have called or the nature the evidence which should have been introduced. The Commonwealth is correct in characterizing this argument as a classic "claim in a vacuum."

This situation is not redeemed by appellant's assertion in his reply brief that he allegedly gave a list of alibi witnesses to trial counsel, who then purportedly neglected to act on this information. To obtain relief on a missing witness claim, an appellant is required to establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should otherwise have known of him; (4) the witness was prepared to cooperate and testify for appellant at trial; and (5) the absence of the testimony prejudiced appellant so as to deny him a fair trial. *Commonwealth v. Petras*, 368 Pa.Super. at 377, 534 A.2d at 485 (cited with approval by *Commonwealth v. Stanley*, 534 Pa. 297, 632 A.2d 871 (1993)). Appellant has arguably satisfied the third aspect of this test, but he has not even attempted to address the remaining four prongs. Without a factual predicate upon which counsel's assistance may be evaluated, a claim is too general to provide grounds for relief. *Commonwealth v. Kauffman*, 405 Pa.Super. 229, 234, 592 A.2d 91, 93, *appeal denied*, 529 Pa. 617, 600 A.2d 534 (1991). Thus, appellant has failed to sustain his burden of demonstrating ineffective representation by trial counsel. *See Commonwealth v. McNeil* and *Commonwealth v. Durst, supra.*

Finally, we note the stark assertion in appellant's reply brief that if appellant were granted an evidentiary

hearing, he would "show that trial counsel threatened to withdraw from the case if [appellant] insisted upon testifying on his own behalf." Reply brief at 5. This claim was never presented to the trial court in any form at any time. Specifically, present counsel neglected to raise it when, acting on appellant's behalf, he filed his concise statement of matters complained of on appeal pursuant to Rule of Appellate Procedure 1925. Ineffectiveness of trial counsel must be raised at the first opportunity at which counsel whose ineffectiveness is being challenged no longer represents the defendant. *Commonwealth v. Chmiel*, 536 Pa. 244, 251, 639 A.2d 9, 12 (1994). Appellant's non-specific averment in the concise statement that he "was provided ineffective assistance of counsel" is insufficient to preserve this issue on appeal. Furthermore, this undeveloped argument is a "claim in a vacuum" because appellant has failed to supply this court with even minimal details such as the date, occasion and context in which trial counsel's alleged threats purportedly occurred. We will not consider ineffectiveness claims which lack proper factual averments sufficient to determine whether the issue has even arguable merit. *See Commonwealth v. Durst, Commonwealth v. Pettus* and *Commonwealth v. Kauffman, supra.*

Judgment of sentence affirmed.