J-S71033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES MORGAN VINSON, | |
| Appellant | No. 210 EDA 2016 |

Appeal from the Judgment of Sentence August 10, 2015
in the Court of Common Pleas of Montgomery County
Criminal Division at Nos.: CP-46-CR-0000811-2010
CP-46-CR-0004323-2009

BEFORE: PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 19, 2017**

Appellant, James Morgan Vinson, appeals from the judgment of sentence imposed following his jury conviction of one count each of aggravated assault, possessing an instrument of a crime, simple assault (causing bodily injury), simple assault with a deadly weapon, and recklessly endangering another person.[1] We affirm.

The trial court aptly set forth the factual background of this case as follows:

> . . . Late on Thanksgiving night, November 26, 2009, Keith Boynes ("victim" or "Boynes") was walking with his girlfriend,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(4), 907(a), 2701(a)(1), 2701(a)(2), and 2705, respectively.

Samantha Donini ("Donini"), back to Donini's house on Fornance Street in Norristown after delivering a plate of food to Boynes' brother approximately five (5) blocks away on Willow Street. As Boynes and Donini approached Donini's house, both could see something or someone crouched down between a car and the wall next to Donini's driveway. As first, Donini thought it was a dog and expressed that opinion to Boynes. Boynes disagreed and called out to the person. Although it was dark and the lighting was poor, the couple could see the person was a male dressed in dark clothing. As he charged at the pair, both Boynes and Don[i]ni recognized the man as Appellant, Don[i]ni's former live-in boyfriend of approximately four (4) years. When Appellant reached Boynes, he started stabbing at and hitting Boynes with a knife in each hand. The victim took a defensive position trying to block Appellant's attack with his arms and began moving up the hill towards Arch Street and away from Don[i]ni. Don[i]ni ran into her house and told her girlfriend to call 911 and then ran back outside to look for Boynes. Another friend drove Don[i]ni around until they located Boynes on the porch of a house on Poplar Street belonging to a friend of Boynes. As Boynes was bleeding profusely and having difficulty breathing, they drove him to the emergency room at Montgomery Hospital.

The victim suffered a total of six (6) stab wounds, including defensive wounds to both of his arms as well as one stab wound on the right side of his chest which punctured his lung and a stab wound on the left side near his heart. Officer Lesley Gould, Officer Matthew Wiley and Corporal David Brooke of the Norristown Police Department responded to the emergency room at Montgomery Hospital at approximately 12:20 a.m. on Friday, November 27, 2009. Officers took statements from Don[i]ni and Boynes, who had trouble speaking due to his injuries. Both identified Appellant as Boynes' attacker. After performing a needle thoracostomy, inserting a chest tube for a collapsed lung and stabilizing the victim, the medical staff transported the victim to the Level 1 trauma center at Albert Einstein Medical Center. . . .

(Trial Court Opinion, 6/30/17, at 2-4) (record citations omitted).

The case proceeded to a jury trial on January 4, 2011. Relevant to the instant appeal, during direct examination, the Commonwealth asked Boynes to show the jury his fully healed scars from the wounds he sustained during

Appellant's attack. (*See* N.T. Trial, 1/04/11, at 55, 57). The court permitted Boynes to show the scars, over Appellant's objection. (*See id.* at 56-60). On January 6, 2011, the jury found Appellant guilty of the above-stated offenses.[2] The parties agreed to postpone sentencing until Appellant's remaining open cases were resolved.

On August 10, 2015, the trial court sentenced Appellant to an aggregate term of not less than four nor more than ten years' imprisonment. The trial court denied Appellant's timely post-sentence motion on December 10, 2015, following argument. This timely[3] appeal followed.[4]

On appeal, Appellant raises one issue for our review: "Did the trial court err by overruling trial counsel's timely objection to the Commonwealth exhibiting to the jury the wound scars of the victim, Keith Boynes?" (Appellant's Brief, at 4) (some capitalization omitted).[5] Appellant maintains that the Commonwealth's showing of Boynes' scars to the jury was prejudicial,

---

[2] The jury found Appellant not guilty of attempted first-degree murder and aggravated assault under circumstances manifesting extreme indifference to the value of human life. (*See* N.T. Trial, 1/06/11, at 20).

[3] The trial court and this Court applied the prisoner mailbox rule to Appellant's *pro se* notice of appeal. (*See* Trial Ct. Op., at 8 n.10); *see also* ***Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa. Super. 2011), *appeal denied*, 46 A.3d 715 (Pa. 2012) (citation omitted).

[4] Appellant filed a timely, court-ordered concise statement of errors complained of on appeal on May 19, 2017. The trial court entered an opinion on June 30, 2017. *See* Pa.R.A.P. 1925.

[5] Although Appellant raised three issues in his Rule 1925(b) statement, he abandons two of those issues in his brief. (*See* Rule 1925(b) Statement, 5/19/17; Appellant's Brief, at 4, 8-11).

inflammatory, and cumulative, in light of its presentation of other testimony detailing Boynes' injuries. (***See id.*** at 9-11). He argues that the testimony of Boynes, Donini, and the attending physician who treated Boynes for his stab wounds was "**more than sufficient** to establish the elements of the charges brought against [Appellant,]" and that showing the scars was unnecessary. (***Id.*** at 11; ***see id.*** at 10) (emphasis in original). This issue does not merit relief.

> [Q]uestions regarding the admission of evidence are left to the sound discretion of the trial court, and we, as an appellate court, will not disturb the trial court's rulings regarding the admissibility of evidence absent an abuse of that discretion. An abuse of discretion is not merely an error of judgment; rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record. . . .

***Commonwealth v. Windslowe***, 158 A.3d 698, 712–13 (Pa. Super. 2017), *appeal denied*, 2017 WL 4250172 (Pa. filed Sept. 26, 2017) (citations omitted).

"All relevant evidence is admissible, except as otherwise provided by law." Pa.R.E. 402. "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

> As noted earlier, admissibility of evidence is within the sound discretion of the trial court, but it depends

- 4 -

on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.

Evidence, even if relevant, may be excluded if its probative value is outweighed by the potential prejudice.

*Commonwealth v. Yocolano*, 169 A.3d 47, 59 (Pa. Super. 2017) (citation omitted).

However, [e]vidence will not be prohibited merely because it is harmful to the defendant. [E]xclusion is limited to evidence so prejudicial that it would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case. . . . This Court has stated that it is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand[.]

*Commonwealth v. Kouma*, 53 A.3d 760, 770 (Pa. Super. 2012) (citation omitted).

This Court has found that displays of fully healed scars to the jury are not improper where the scars are relevant to the criminal events in question and not likely to provoke the passions or prejudices of the jury. *See Commonwealth v. Glover*, 401 A.2d 779, 782 (Pa. Super. 1979); *see also Commonwealth v. Coleman*, 664 A.2d 1381, 1385–86 (Pa. Super. 1995), *appeal denied*, 682 A.2d 306 (Pa. 1996) (concluding victim's display of scar to jury was appropriate demonstration of character and extent of injuries he suffered and was not shown for purpose of arousing sympathy).

Here, as noted, Appellant was charged with attempted first-degree murder, which requires a showing of specific intent to kill,[6] and multiple counts of aggravated assault. The trial court determined:

> Boynes' scars on his arms and on the right side as well as the left side of his chest demonstrated the character and extent of his injuries and were undoubtedly relevant to the criminal events as alleged. In particular, the scars near Boynes' lungs and heart demonstrated an intent to kill by the use of a deadly weapon on vital parts of Boynes' body. Notably, the jury ultimately acquitted [Appellant] of the two most serious felony charges.
>
> While Boynes and Don[i]ni had already testified to the events at that point, showing Boynes' scars to the jury lent support to their testimony concerning the events and the injuries suffered by Boynes. . . .

(Trial Ct. Op., at 12).

We agree, and discern no abuse of discretion in the trial court's decision to permit Boynes' to show his fully healed scars to the jury. *See Windslowe*, *supra* at 712–13; *see also Glover*, *supra* at 782; *Coleman*, *supra* at 1385–86. Although the evidence was harmful to Appellant, it was relevant to his criminal conduct, and was not "so prejudicial that it would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case." *Kouma*, *supra* at 770 (citation omitted). In fact, the record indicates that the jury carefully weighed the evidence before it and

---

[6] *See Commonwealth v. Tucker*, 143 A.3d 955, 964 (Pa. Super. 2016), *appeal denied*, 165 A.3d 895 (Pa. 2017) ("For a defendant to be found guilty of attempted murder, the Commonwealth must establish specific intent to kill. . . . [T]he use of a deadly weapon on a vital part of the body is sufficient to establish the specific intent to kill.") (citations omitted).

found Appellant not guilty of the most serious charges he faced. Therefore, Appellant's sole issue on appeal merits no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017