J-S53005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| FRANK S. BRAXTON | : | |
| Appellant | : | No. 1550 EDA 2018 |

Appeal from the PCRA Order April 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011084-2014

BEFORE:  OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                **FILED NOVEMBER 13, 2019**

Appellant, Frank S. Braxton, appeals from the order entered on April 24, 2018, which denied his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court ably summarized the evidence produced during Appellant's bench trial:

> The complaining witness, [M.E. (hereinafter "the Victim")], testified that, on May 2, 2014, at approximately 1:30 p.m., he was involved in a "tussle," in the vicinity of 54th Street and Baltimore Avenue, in the City of Philadelphia, during which he was struck on the head with a hard object.  As a result of the blow[,] he received[] a concussion[; also,] six staples were required to close the laceration [on his head].  He [] testified that his memory [is now] unclear and that he had to drop out of school as a result of his injuries.
>
> As background, [the Victim] testified that[,] prior to this event, he and [Appellant] had been friends since childhood and were "like brothers."  When he was previously incarcerated on an unrelated matter, [Appellant] had

promised to store and maintain [the Victim's] personal property. On being released from detention, [the Victim] learned that [Appellant] had disposed of this property[,] prompting him to commence a lawsuit to recover the value of his property.

On May 4, 2014, [the Victim] was standing[] among a group of men in front of the "family" barber shop, when [Appellant] approached him saying[:] "You told people I stole your stuff." Prior to the "tussle" breaking out, [the Victim] stated, in his statement given to Philadelphia Police Detective [Leinmiller]:

> []Then he shifted his feet like he's going to fight me. I went to walk away and he punched me with a left fist on the back of my head. I grabbed him by the waist and he's raining punches down on me. I felt something hard in his waist area. I thought it was his belt buckle. Some of the people around start breaking us up.
>
> Then I felt something hit me real hard in the back of the head. Blood started shooting out everywhere, and when I looked up, [Appellant] had a gun in his right hand. He tried to hit me with the gun again, but I moved and it brushed past my face[.]

Philadelphia Police Officer[] Marc Peterson, testified that he was the first officer to arrive at the scene. He described [the Victim] as being upset, hurt[,] and bleeding from the head. [Detective Peterson] also testified that [the Victim] identified [Appellant] as his assailant.

PCRA Court Opinion, 2/6/19, at 4-5 (citations omitted).

The trial court found Appellant guilty of aggravated assault, firearms not to be carried without a license, carrying firearms on the public streets of Philadelphia, simple assault, and possessing instruments of crime.[1] On

---

[1] 18 Pa.C.S.A. §§ 2702(a), 6106(a)(1), 6108, 2701(a), and 907(a), respectively.

January 14, 2016, the trial court sentenced Appellant to serve an aggregate term of six to 23 months in jail, followed by three years of probation, for his convictions. Appellant did not file a direct appeal from his judgment of sentence.

On January 14, 2017, Appellant filed a timely, counseled PCRA petition. Appellant raised a number of claims in this petition, including that trial counsel was ineffective for failing to "present relevant evidence indicating [Appellant] no longer possessed the weapons referenced by the Commonwealth" and "failed to question [the Victim] regarding his conviction for *crimen falsi* crimes, specifically theft of prescription forms and utilizing forgery to [] falsely prescribe control[led] substances." Appellant's PCRA Petition, 1/14/17, at 7.

On April 24, 2018, the PCRA court held a hearing on Appellant's petition and, at the conclusion of the hearing, the PCRA court denied Appellant post-conviction collateral relief. N.T. PCRA Hearing, 4/24/18, at 69; PCRA Court Order, 4/24/18, at 1. Appellant filed a timely notice of appeal and raises two issues to this Court:

> 1. Did the PCRA court err by dismissing the PCRA petition of [Appellant] where there was no reasonable strategic basis for defense counsel not to have obtained police reports that a firearm was stolen from [Appellant] prior to the May 4, 2014 incident with [the Victim]?
>
> 2. Did the PCRA court err by dismissing the PCRA petition of [Appellant] where there was no reasonable strategic basis for defense counsel not to have investigated the criminal background of [the Victim]?

Appellant's Brief at 3 (some capitalization omitted).

Our Supreme Court has held:

> Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). As this Court has explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones*, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some quotations and citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

First, Appellant claims that his trial counsel was ineffective for failing "to obtain police reports that a firearm was stolen from [Appellant] prior to the May 4, 2014" assault. Appellant's Brief at 7. As the PCRA court thoroughly explained, Appellant's claim is meritless:

> [the Victim] testified at trial that he could not identify his assailant; in his statement to Detective [Leinmiller], he

- 5 -

clearly stated that [Appellant] struck him with a gun. Since he did not identify a particular gun, it is immaterial whether any of [Appellant's] known guns [had been stolen from him or] were in police custody at the time he struck [the Victim]. Furthermore, at the [PCRA] hearing, held on April 24, 2018, [Appellant's trial counsel] testified that he [had] conversations with [Appellant] regarding the police custody of his firearms but came to no conclusion as to the evidentiary value of the police custody. He testified[:]

[]No one ever alleged in this case, and [Appellant] should tell you this, that a particular gun that was owned by [Appellant] was used to injure the [Victim]. No one said that. All that happened during the trial was that the [Victim] said he was struck over the head with a, what he believed to be, firearm. So whether or not if, I believe [Appellant] at the time was a, was it a bounty hunter or something? He talked about a number of guns that he had, I think three. This is all from recollection a couple years ago and then at one time or another they were all stolen from him. And this all came out. He was asked about this on the stand. He actually testified to this and the district attorney asked him about this when he took the stand, so I'm not sure if he was hit by a [.45] caliber. But I think what [Appellant] was trying to say was because his [.45] caliber had been stolen maybe a couple years before, he couldn't have hit the complainant over the head with a [.45] caliber maybe.

. . .

I don't think it was relevant in a proper defense for [Appellant], given that the [Victim] never said that it was [Appellant's] specific, let me give you an example, red gun that had been stolen two years ago; it could have been any gun at the time.

Simply put, just because [Appellant's] known guns were in police custody [does not] alter the fact that he possessed a gun at the time he struck [the Victim]. It is clear from the record that [Appellant] has failed to meet either the second or third prong of the [ineffectiveness of counsel] test. That is, he failed to establish "(2) that counsel's action or inaction

was not grounded on any reasonable basis designed to effectuate appellant's interest; and (3) that there is a reasonable probability that the act or omission prejudiced appellant in such a way that the outcome of the proceeding would have been different." That is, he has failed to demonstrate that trial counsel's failure to investigate and secure the records of the police custody of his guns had no reasonable basis and that he was prejudiced in any way by counsel's course of action.

PCRA Court Opinion, 2/6/19, at 6-7 (footnote and some citations omitted).

We agree with the PCRA court's cogent analysis and thus conclude that Appellant's first claim on appeal fails.

For Appellant's second claim on appeal, Appellant contends that his trial counsel was ineffective for failing to investigate and present, during the bench trial, the Victim's federal criminal convictions for conspiracy and possessing a controlled substance with the intent to deliver (hereinafter "PWID"). According to Appellant, the Victim's convictions involved dishonesty or false statement – and were thus admissible at trial and probative of the Victim's credibility – because the circumstances underlying the convictions were that "[the Victim] was working for a doctor, selling prescriptions from the doctor, and then writing out the prescriptions and selling drugs on the street." Appellant's Brief at 10-11. This claim fails.

As we have explained:

"For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict, or by plea of guilty or *nolo contendere*, shall be admitted if it involved dishonesty or false statement." Pa.R.E. 609(a). Crimes involving dishonesty or false statement are commonly referred to as *crimen falsi* crimes. *Crimen falsi* involves the element of falsehood, and includes

- 7 -

everything which has a tendency to injuriously affect the administration of justice by the introduction of falsehood and fraud.

When deciding whether a particular offense is *crimen falsi*, one must address both the elemental aspects of that offense and the conduct of the defendant which forms the basis of the anticipated impeachment. Accordingly, this Court employs a two-step procedure to determine whether a crime is *crimen falsi*. First, we examine the essential elements of the offense to determine if the crime is inherently *crimen falsi* – whether dishonesty or false statement are a necessary prerequisite to commission of the crime. Second, if the crime is not inherently *crimen falsi*, this Court then inspects the underlying facts that led to the conviction to determine if dishonesty or false statement facilitated the commission of the crime.

***Commonwealth v. Davis***, 17 A.3d 390, 395-396 (Pa. Super. 2011) (corrections and some quotations and citations omitted).

During the PCRA hearing, Appellant introduced no documentary evidence demonstrating that the Victim was convicted of any crime. ***See*** N.T. PCRA Hearing, 4/24/18, at 1-70. Nevertheless, the Commonwealth conceded that the Victim was convicted, in federal court, of "conspiracy and unlawful possession with intent to distribute Oxycodone." ***Id.*** at 31. However, neither PWID nor conspiracy to commit PWID is "inherently *crimen falsi*." ***See Commonwealth v. Coleman***, 664 A.2d 1381, 1384-1385 (Pa. Super. 1995) (holding that a PWID conviction is not inherently *crimen falsi*); ***Commonwealth v. Causey***, 833 A.2d 165, (Pa. Super. 2003) ("[a]ppellant cites to no authority which would support a finding that conviction of a drug-related offense can be considered a *crimen falsi* conviction which bears upon a witness's honesty or truthfulness and our research has uncovered no

authority for such a proposition"); 18 Pa.C.S.A. § 903(a) ("A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:  (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime"); *Commonwealth v. Savage*, 566 A.2d 272, 276 ("agreement of two or more persons to act in concert for a criminal purpose remains the evil against which the criminal conspiracy statute is directed").

Therefore, as the PCRA petitioner, it was Appellant's burden to introduce "the underlying facts that led to [the Victim's] conviction[s]," so that the PCRA court could "determine if dishonesty or false statement facilitated the commission of the crime[s]."  *See Davis*, 17 A.3d at 395-396.  However, during the PCRA hearing, Appellant introduced no evidence, whatsoever, to establish the underlying facts that led to the Victim's convictions.  *See* N.T. PCRA Hearing, 4/24/18, at 1-70.  Instead, in his attempt to establish that the Victim's federal convictions involved dishonesty or false statement, Appellant relied on the federal superseding indictment, which charged the Victim with the crimes.  *See* Appellant's PCRA Petition, 1/14/17, at Exhibit F; N.T. PCRA Hearing, 4/24/18, at 6.  Yet, the superseding indictment is a mere charging document.  *See* F.R.Crim.P. 7.  It established the crimes that the federal government charged the Victim with – it did not establish "the underlying facts

- 9 -

**that led to [the Victim's] conviction[s]**." *See Davis*, 17 A.3d at 395-396 (emphasis added). And, in the absence of any evidence that the Victim pleaded guilty based upon the allegations in the charging document,[2] the evidence Appellant produced during the PCRA hearing fails to satisfy his burden of production that "the underlying facts that led to [the Victim's] conviction" involved dishonesty or false statement. As such, Appellant failed to demonstrate that the evidence would have been admissible at trial and, correspondingly, failed to demonstrate that his trial counsel was ineffective for not introducing the evidence. Appellant's claim of error fails.

Order affirmed. Jurisdiction relinquished.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2019

---

[2] Indeed, during the PCRA hearing, Appellant introduced no evidence as to whether the Victim went to trial or entered a plea to the crimes. *See* N.T. PCRA Hearing, 4/24/18, at 1-70.