J-S75011-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DJUAN O. WILLIAMS | |
| Appellant | No. 497 WDA 2019 |

Appeal from the PCRA Order Entered March 27, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0011188-2013

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    FILED APRIL 21, 2020

Appellant, Djuan O. Williams, appeals from an order denying his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541—46.  PCRA counsel has filed a no-merit brief and petitioned to withdraw under Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). Upon review, we affirm and grant the petition to withdraw.

Appellant was charged with corrupt organizations, criminal conspiracy, criminal use of communication facility, possession of a controlled substance (heroin), delivery of a controlled substance and possession with intent to

_____

[*] Retired Senior Judge assigned to the Superior Court.

deliver a controlled substance.[1]  The trial court summarized the evidence as follows:

> In early June 2013, the Borough of Tarentum police department worked with a confidential informant to set up controlled purchases of heroin from Appellant and Brown.  The controlled purchases were part of an ongoing drug investigation into [Appellant] and [William] Brown, who were suspected of dealing drugs from [a residence on] Roup Avenue in Tarentum. [Appellant] resided at [this residence] with his girlfriend, Carrie Schaub; and Brown occasionally stayed overnight.
>
> On June 16, 2013, the informant arrived at the Tarentum police station to arrange the first controlled purchase.  The informant, who was familiar with Brown, called Brown and arranged to meet him at a car wash later that day to purchase twenty bags of heroin for $160.00.  The officers provided the informant with $160.00 in pre-recorded fines.  Officers then set up a surveillance team to monitor the residence.  The surveillance team observed Brown leave the residence and travel to the car wash in a grey Dodge Dart.  A separate surveillance team maintained constant ground surveillance of the informant, including the transaction itself.
>
> When Brown arrived at the car wash, the informant walked up to the driver's side window of Brown's vehicle and conducted a hand-to-hand transaction.  Brown returned to the residence.  It was thereafter discovered that the vehicle Brown used was rented to [Appellant]' girlfriend, Schaub.  Twenty stamp bags of heroin labelled "Yankees" were recovered from the informant, and subsequently weighed to be 0.40 grams.
>
> On June 17, 2013, the informant again arrived at the Tarentum police station at 6:00 p.m. to arrange a second controlled purchase.  The informant again called the same phone number and arranged to meet [Appellant] and Brown in the 100 block of Second Avenue, Tarentum, in order to purchase twenty stamp bags of heroin for $160.00.  The informant was provided with $160.00 in pre-recorded funds, and he proceeded to the meeting location, again under surveillance.  Brown and [Appellant] arrived in the same vehicle.  The informant walked up to the passenger

_____

[1] 18 Pa.C.S.A. §§ 911, 7512, 903 and 35 P.S. § 780-113(a)(13), (16), (30).

window, and conducted a hand-to-hand transaction with [Appellant] for the heroin. The informant turned over twenty bags of heroin labelled "Gunline" and it subsequently weighed 0.46 grams.

On June 19, 2013, the confidential informant again arrived at the Tarentum police station to arrange a third controlled purchase. The informant called the same number, and arranged to meet Brown. The informant was provided with $160.00 in pre-recorded funds, and he proceeded to the corner of Ninth and Horner. Brown again left the residence and proceeded to the meeting location in the same Dodge Dart. The informant entered the front passenger side of the vehicle and the two drove around the block to conduct the transaction. Following the transaction, the informant left Brown's vehicle, and walked to one of the officer's vehicles and returned to the police station. Brown returned to the residence. The informant turned over 16 stamp bags of heroin, labelled "Yankees" and subsequently weighed 0.29 grams, and four additional unmarked stamp bags.

On June 21, 2013, officers executed a search warrant at the residence at 6:30 a.m. During the search, officers recovered: 90 bricks of heroin in a backpack (4,500 stamp bags labeled "Yankees") from the living room; seven stamp bags of heroin labelled "Ultimate" in a DVD case from the living room; 3.4 grams [of] Clonazepam; a .22 caliber rifle from the basement; several cell phones; a digital scale; and approximately $4,000.00 cash. When the police entered the residence, [Appellant] was downstairs between the living room and kitchen, and Brown and Schaub were upstairs.

Trail Court Opinion, 10/27/16, at 4-7. The jury found Appellant guilty of all charges except corrupt organizations. On July 15, 2015, the trial court imposed an aggregate sentence of six to twelve years' imprisonment. Appellant filed timely post-sentence motions alleging that his convictions were against the weight of the evidence. The trial court denied these motions, and Appellant filed a timely direct appeal. On April 20, 2017, this Court affirmed Appellant's judgment of sentence.

On June 16, 2017, Appellant filed a pro se PCRA petition. Counsel was appointed to represent Appellant. On April 5, 2018, PCRA counsel filed a Turner/Finley motion to withdraw. On February 28, 2019, the PCRA court filed a notice of intent to dismiss the PCRA petition without a hearing and granted counsel leave to withdraw. In an order docketed on March 27, 2019, the PCRA court denied Appellant's petition. On April 3, 2019, Appellant filed a notice of appeal. On April 23, 2019, new counsel was appointed to represent Appellant in this appeal.

The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On September 18, 2019, appellate PCRA counsel filed a petition to withdraw as counsel in this Court along with a Turner/Finley letter brief. Counsel asserts that Appellant desires to raise the following issues:

> 1. [T]rial counsel provided ineffective assistance of counsel for failing to object to the items seized as a result of the search warrant being executed at 6:30 a.m.
>
> 2. [T]rial counsel provided ineffective assistance of counsel for failing to object to evidence obtained through a confidential informant who did not testify at trial.
>
> 3. Is retrial precluded under jeopardy pursuant to [Commonwealth v.] Smith, [615 A.2d 321 (Pa. 1992)] and [Commonwealth v.] Martorano, [741 A.2d 1221 (Pa. 1999)]?
>
> 4. Trial counsel provided ineffective assistance of counsel for failing to object to a jury instruction.
>
> 5. Trial counsel provided ineffective assistance of counsel under the Strickland standard.

Turner/Finley Letter, 9/18/19, at 4.

We first must address whether PCRA counsel has met the requirements

of Turner/Finley. For PCRA counsel to withdraw under Turner/Finley in this

Court:

> (1) PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.
>
> (2) PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed pro se or hire his own lawyer.
>
> (3) This Court must independently review the record and agree that the appeal is meritless.

Commonwealth v. Widgins, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing

or quoting Turner, Finley, Commonwealth v. Pitts, 981 A.2d 875 (Pa.

2009), and Commonwealth v. Friend, 896 A.2d 607 (Pa. Super. 2008),

(overruled in part by Pitts).

PCRA counsel has complied with Turner/Finley by filing an application

to withdraw and a no-merit letter and by informing Appellant of her right to

hire a new lawyer or file a pro se response.

We now address whether this appeal is indeed meritless. "On appeal

from the denial of PCRA relief, our standard of review requires us to determine

whether the ruling of the PCRA court is supported by the record and free of

legal error." Widgins, 29 A.3d at 819. As we have explained:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

To obtain relief on a claim of ineffective assistance of counsel, Appellant must prove that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his actions or failure to act; and (3) the petitioner was prejudiced by counsel's deficient performance such that there is a reasonable probability that the result of the proceeding would have been different absent counsel's error or omission. Commonwealth v. Pierce, 527 A.2d 973, 975 (Pa. 1987). "If a petitioner fails to prove any of these prongs, his claim fails." Commonwealth v. Simpson, 66 A.3d 253, 260 (Pa. 2013). Counsel is presumed to have rendered effective assistance. Commonwealth v. Sepulveda, 55 A.3d 1108, 1117 (Pa. 2012).

Appellant first asserts that trial counsel was ineffective for failing to object to the execution of the search warrant at 6:30 a.m. on June 21, 2013 instead of between 8 a.m. to 10 p.m., the time period specified on the warrant. We agree with the PCRA court that Appellant cannot demonstrate prejudice

arising from the execution of the warrant at 6:30 a.m. Therefore, Appellant's argument fails. Commonwealth v. Young, 572 A.2d 1217, 1224 (Pa. Super. 1990) (declining to suppress evidence where warrant was served at 4:50 a.m. instead of between 6:00 a.m. and 10:00 p.m., the time period prescribed in Rules of Criminal Procedure, where deviation was technical in nature and defendant failed to show he was disadvantaged in any way).

Next, Appellant contends that trial counsel was ineffective for failing to object to evidence obtained through a confidential informant ("CI") who did not testify during trial. Appellant claims that references to information obtained from the CI was improper hearsay. He relies on Crawford v. Washington, 541 U.S. 36 (2004), which announced that out-of-court statements of an unavailable witness cannot be used as evidence against a defendant if the defendant had no prior opportunity to cross-examine the witness, notwithstanding an exception to the hearsay doctrine. Additionally, Appellant alleges that the Commonwealth lied by stating that it did not know where the CI was, when Appellant was aware he was also lodged in the Allegheny County Jail.

Appellant's objections fail because the CI's testimony was unnecessary. Multiple officers testified during trial that they personally witnessed the CI's drug buys from Appellant and recovered baggies of heroin from the CI after the buys. Some of these bags were stamped "Yankees," the same label found on 4,500 bags of heroin that officers seized from the residence in which they

found Appellant on June 21, 2013. The officers also recovered a .22 caliber rifle, $4,000.00 in cash, a digital scale and cell phones from this residence, further clear indicia of a drug-selling operation. Given this evidence, the Commonwealth did not need the CI's testimony to establish Appellant's guilt.

Third, Appellant argues that the Commonwealth is not entitled to retry him under double jeopardy principles in Smith and Martorano due to prosecutorial misconduct. We disagree. Appellant claimed in his PCRA petition that this misconduct consisted of executing the search warrant before 8 a.m. in the morning of June 21, 2013 and failing to present the CI as a witness during trial. We have rejected these claims above and need not address them again. Appellant also alleged prosecutorial misconduct on the ground that the search warrant for the residence failed to provide probable cause. In order for prosecutorial misconduct to give rise to double jeopardy, however, much more is required than proof of a deficient search warrant. The prosecutor must intentionally engage in misconduct that is designed to deny a fair trial, such concealing exculpatory evidence, Smith, 615 A.2d at 325, or insisting that evidence links the defendant to a crime that the prosecutor knows does not exist, Martorano, 741 A.2d at 1223. We see no evidence of any such misconduct in this record.

Next, Appellant argues that trial counsel was ineffective for failing to object to an instruction that the jury should consider statements by the CI to the investigating officers not for their truth but only to show their effect on

the officers' course of conduct. We see no error in this instruction. An out-of-court statement offered, not for its truth, but to explain the officers' course of conduct, is not hearsay. Commonwealth v. Johnson, 42 A.3d 1017, 1035 (Pa. 2012). In any event, as discussed above, evidence unrelated to the CI's statements firmly established his guilt, including multiple officers' observations of the CI's transactions with Appellant and the evidence discovered during the execution of the search warrant on June 21, 2013.

Next, Appellant argues that trial counsel was ineffective for permitting false testimony by a Commonwealth witness, Carrie Schaub, his girlfriend, that she did not have a criminal record. Appellant wanted counsel to attack Schaub's credibility with evidence that she had prior drug convictions for possession with intent to deliver drug paraphernalia. During trial, counsel for co-defendant William Brown asked the trial court for leave to cross-examine Schaub about her drug convictions, but the trial court denied this request.

Appellant's present claim of ineffectiveness fails for two reasons. First, the trial court's ruling was correct, because Schaub's crimes were not crimen falsi. Pennsylvania Rule of Evidence 609 provides: "For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or nolo contendere, must be admitted if it involved dishonesty or false statement." Id. Under Rule 609, it is impermissible to attack a witness's credibility with convictions that are not crimen falsi. "[W]hen deciding whether a particular

offense is crimen falsi, one must address both the elemental aspects of that offense and the conduct of the defendant which forms the basis of the anticipated impeachment." Commonwealth v. Davis, 17 A.3d 390, 395 (Pa. Super. 2011). Here, Appellant fails to demonstrate that the conduct underlying Schaub's convictions involved dishonesty or false statements. Moreover, the statutory definitions of possession with intent to deliver drug paraphernalia do not involve elements of honesty. 35 P.S. § 780-133(a)(33); see also Commonwealth v. Coleman, 664 A.2d 1381, 1383-84 (Pa. Super. 1998) (complaining witness, who had been convicted of possession of controlled substance with intent to deliver, could not be impeached on basis of his criminal record; statutory definition of crime did not indicate offense was crimen falsi, and defendant failed to provide factual basis for conviction suggesting that conviction was premised upon conduct displaying dishonesty or false statement that would indicate commission of crimen falsi). Second, Appellant suffered no prejudice from trial counsel's failure to request permission to introduce Schaub's drug convictions. Counsel for co-defendant Brown requested leave to introduce these convictions but without success. It would have been pointless for trial counsel to make a request that the trial court had already denied.

Next, Appellant claims trial counsel was ineffective for permitting Schaub to testify untruthfully that charges against her from the incident underlying this case were still pending at the time of Appellant's trial. The

record shows that Schaub testified truthfully.  Trial in this case took place on April 6-7, 2015.  On April 22, 2015, the trial court imposed probation without verdict on these charges.  Thus, the charges against Schaub were indeed pending during trial.

Finally, Appellant claims that trial counsel was ineffective for stipulating to the weight of certain lab reports rather than requiring a lab technician testify in court as to the drug testing and weight of the drugs.  This stipulation did not prejudice Appellant.  Appellant's defense at trial was that the drugs were not his, and he did not sell the drugs.  Trial counsel did not stipulate that the drugs were Appellant's.  Their actual weight was irrelevant to Appellant's defense.

Thus, we agree with PCRA counsel that none of Appellant's claims have merit.  We conclude that PCRA counsel complied with Turner/Finley.  We independently have reviewed the record, and we are convinced that no meritorious appellate issues exist.

Order affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/21/2020

- 11 -